**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Thomas Doran | ) | No. CV-10-8155-PCT (LOA) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Michael J. Astrue, Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 30)  In his response, Defendant, the Commissioner of the Social Security Administration (the "Commissioner"), advises that the parties have agreed that an award of attorneys' fees in the amount of $ 4,500.00 is reasonable. (Doc. 35)  However, Defendant opposes the request that the fees be paid to Plaintiff's counsel, rather than to Plaintiff.

**I. Background**

In October 2006, Plaintiff, applied for Disability Insurance Benefits and Social Security Income pursuant to 42 U.S.C. § 401-34 and §¶ 1381-83f.  Plaintiff's requests were denied initially and on reconsideration.  Thereafter, on Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ"), Joan G. Knight. The ALJ found Plaintiff was not disabled within the meaning of the Social Security Act. This decision became the final decision of the Commissioner of Social Security when the Social Security Appeals Council

1   denied Plaintiff's request for review.  Plaintiff sought review by this Court. On September

2   12, 2011, the Court entered an order remanding this matter for further proceedings, and the

3   Clerk of Court entered judgment. (Docs. 28, 29)  Plaintiff now seeks an award of attorney's

4   fees under the EAJA.

5   **II.  Attorney's Fees under the EAJA**

6         In any action brought by or against the United States, the EAJA provides that "a court

7   shall award to a prevailing party other than the United States fees and other expenses . . .

8   unless the court finds that the position of the United States was substantially justified."  28

9   U.S.C. § 2412(d)(1)(A). The EAJA creates a presumption that fees will be awarded to the

10  prevailing party unless the Government establishes that its position was "substantially

11  justified." *See Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir. 1988).  Substantially justified

12  means "justified in substance or in the main — that is, justified to a degree that could satisfy

13  a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citations

14  omitted).  A substantially justified position must have a reasonable basis both in law and fact.

15  *Gutierrez v. Barnhart*, 274 F.3d 1255,1258 (9th Cir. 2001).

16        The Government bears the burden of establishing substantial justification. *Gutierrez*,

17  at 1258. In determining whether the Government's position was substantially justified the

18  court considers both the Government's position during the litigation and "the action or failure

19  to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).  Thus,

20  the court considers: "first, whether the government was substantially justified in taking its

21  original action; and second, whether the government was substantially justified in defending

22  the validity of the action in court." *Gutierrez*, 274 F.3d at 1258 (citation omitted).

23  **III.  Analysis**

24        After Plaintiff filed his motion for attorney's fees, Defendant contacted Plaintiff's

25  counsel to settle the issue of fees. Defendant's counsel advises the Court that Defendant

26  has agreed to pay Plaintiff $4,500.00 in EAJA fees. (Doc. 35)  In his Reply, Plaintiff

27  confirms that the parties have agreed that an award of $4,500.00 in EAJA fees is

28

1  reasonable. (Doc. 36)  The Court finds that the hours worked, hourly rates, and stipulated
2  the amount of attorney's fees are reasonable.

3      In his motion, Plaintiff requests that the Court order that "any check be sent to
4  Plaintiff's counsel's office." (Doc. 31)  Defendant opposes that request and argues that
5  the attorney's fees are payable to Plaintiff, not his counsel. (Doc. 35)  In *Astrue v. Ratliff*,
6  560 U.S. ___, 130 S.Ct. 2521 (2010), the United States Supreme Court held that EAJA
7  fees are payable to the prevailing party, not his attorney. Although Plaintiff recognizes
8  *Ratliff's* holding, Plaintiff states that the fee agreement between Plaintiff and counsel
9  provides that any EAJA fees are assigned to Plaintiff's counsel. Plaintiff states that,
10 "while the EAJA fees are payable to Doran, it is respectfully submitted that this Court
11 should order any check sent to Plaintiff's counsel's office." (Doc. 31)  Plaintiff does not
12 request that the check be made payable to Plaintiff's counsel.

13     As previously stated, the Court in *Ratliff* held that EAJA fees are payable to the
14 prevailing party, not his attorney. 130 S.Ct. at 2525. In so holding, the Court noted the
15 "practical reality that attorneys are the beneficiaries and, almost always, the ultimate
16 recipients of the fees that the statute awards to the 'prevailing part[ies]'" because of
17 "nonstatutory (contractual and other assignment-based) rights that typically confer upon
18 the attorney the entitlement to payment of the fees award the statute confers on the
19 prevailing litigant." *Id.* at 2529 (quoting *Venegas v. Mitchell*, 495 U.S. 82, 86 (1990)).
20 The Court further noted that such "arrangements would be unnecessary if . . . statutory
21 fees language like that in . . . EAJA provide[d] attorneys with a statutory right to direct
22 payment of awards."  *Id.*   Thus, although *Ratliff* clarifies that the EAJA awards attorney's
23 fees directly to the prevailing party - in this case Plaintiff - it does not preclude the
24 contractual assignment of the fee award to Plaintiff's counsel.  However, "the private
25 contractual arrangement between [Plaintiff] and his counsel [is] a collateral matter that
26 the [Court] need not address when considering the EAJA fees motion." *Brown v. Astrue*,
27 271 Fed.Appx. 741, 744 (10th Cir. 2008).

28

The Ninth Circuit has noted that "*Ratliff* counsels that in the absence of explicit instructions from Congress awarding fees to the attorney, direct payment to the attorney should not be presumed." *U.S. v. $186,416.00 in U.S. Currency*, 642 F.3d 753 (9th Cir. 2011) (citing *Ratliff*, 130 S.Ct. at 2527). In view of *Ratliff*, the Court declines to order *direct* payment to Plaintiff's counsel.  However, the Court will direct Defendant to mail the check to the office of Plaintiff's counsel.

In accordance with the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, doc. 30, is **GRANTED** to the extent that Plaintiff is awarded $4,500.00 in attorney's fees to be mailed to Plaintiff's counsel, Jeremy Pekas, 1940 East Camelback Road, Suite 150, Phoenix, AZ 85016.

Dated this 7th day of March, 2012.

Lawrence O. Anderson
United States Magistrate Judge